UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD SHANNON,

   Plaintiff,

      v.                                                          No. 3:20-cv-01192 (RNC)

LIBERTY MUTUAL GROUP INC.

   Defendant.

_____X

**RULING ON DISCOVERY**

   Plaintiff brings this cause of action against his employer, Liberty Mutual Group Inc., alleging a age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.* and the Connecticut Fair Employment Practices Act, Conn. Gen, Stat. §46a-60.[1] (ECF No. 1).

   On November 16, 2020, Defendant answered the complaint and asserted affirmative defenses denying the allegations and contending that "[a]ll actions by Liberty Mutual with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory business reasons." (ECF No. 26).

**BACKGROUND**

   The following facts set forth in the Complaint (ECF No. 1), 26(f) Report (ECF No. 32), the parties Joint Statement Concerning Discovery Disputes (ECF No. 33), are provided solely as background.

---

[1] On November 10, 2020, Judge Chatigny referred this case to the undersigned to confer with the parties and for entry of a scheduling order. (ECF No.25).

Defendant employed Plaintiff Richard Shannon from January 2008 through September 2019 as an Area Manager (Grade 19). In June 2019, the Defendant announced a reorganization eliminating all Area Manager positions, including Plaintiff's position, as of September 2019. *Id*. Twenty-six other Area Managers were also informed of this decision. (ECF No. 23 at 3). Plaintiff, then 59 years old, applied for two positions created by the reorganization: a new Regional General Manager position and a new Regional Manager position that reported to the Regional General Manager. Mr. Shannon interviewed for two positions but was not hired for either position. Instead, Liberty hired two 37- year-olds to fill the positions. Plaintiff contends that he was "supremely qualified for both positions" and both candidates were "objectively less qualified." *Id*. at 2.  "When Mr. Shannon approached the new Regional General Manager about the rejection, the 37-year-old responded, "You'll be OK, you're close to retirement." *Id*.

In September 2019, Plaintiff was able to secure a temporary 6-month position as Senior Project Manager (Grade 18). (ECF No. 1 ¶62).  In April 2020, Plaintiff accepted a position as Territory Manager (Grade 16) and remains employed with Liberty Mutual at this time. (ECF No. 1 at ¶63; ECF No. 23 at 4). "[T]he Territory Manager position is three grades lower and offers significantly inferior salary, variable compensation, and benefits." (ECF No. 1 ¶64).

> Liberty Mutual asserts several affirmative defenses, including, without limitation, that at all times it had in place reasonable policies and procedures to prevent, address, and remedy unlawful discrimination, and that Plaintiff failed to avail himself of those preventative and/or corrective opportunities; that Plaintiff's damages, if any, must be reduced because he has failed to use reasonable efforts to mitigate his damages; that Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies; and that his claims are barred in whole or in part by the applicable statutes of limitations.

(ECF No. 23 at 4).

On December 1, 2020, the Court entered an Order requesting that the parties file a joint statement describing the nature of all discovery disputes and enumerating the

2

...

issues for resolution in advance of a telephonic status/scheduling conference that was scheduled for December 7, 2020. The conference was postponed and is now rescheduled for January 5, 2021, at 10:00AM. The Court addresses the 3 issues identified in the parties' Joint Status Report below. (ECF. Nos. 23, 33, 34).

1. **Number of Interrogatories**

The parties dispute whether Plaintiff has exceeded the limit of 25 interrogatories permitted by Rule 33(a)(1). Specifically, whether the 14 interrogatories issued by the Plaintiff actually constitute 156 interrogatories as Defendant asserts. They further dispute, whether raising the issue in a Rule 26(f) Report is a sufficient substitute for filing a motion for permission to exceed the 25—interrogatory limit. Finally, if the Court is inclined to decide this issue based on the Rule 26(f) Report, the parties dispute whether the Court should grant leave to permit the 131 additional interrogatories. (ECF No. 33 at 1).

**RULE 33. INTERROGATORIES TO PARTIES**

(a) **In General.**

> (**1**) *Number.* Unless otherwise stipulated or ordered by court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33. The parties have attached as Exhibit A to the Joint Statement Concerning Discovery Disputes Liberty Mutual Group Inc.'s Objections to Plaintiff's First Set of Interrogatories and Requests for Production Dated October 23, 2020. (ECF. No. 34). Plaintiff's interrogatories are numbered 1 through 14, but, inclusive of sub-parts, according to Defendant, constitute 156 separate questions. A cursory review of Plaintiff's

Interrogatories clearly shows that Plaintiff has exceed 25 interrogatories through its interrogatories and discrete sub-parts. Plaintiff did not obtain leave of this Court to serve these interrogatories.

> This Court may alter the limits imposed on the number of interrogatories permitted by Rule 33(a)(1) only in accordance with Rule 26(b)(2)(A). However, such alteration is subject to the limitations imposed by Rule 26(b)(2)(C), which provides that the court must limit discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."

*Alston v. Sharpe*, No. 3:13-CV-00001 (CSH), 2015 WL 6395937, at *2–3 (D. Conn. Oct. 22, 2015).

Plaintiff has proffered no justification in support of a request to exceed the limit of 25 interrogatories. Thus, the Court cannot determine whether his requests fall within the scope of Rule 26(b)(1), or whether the questions would be unreasonably cumulative or duplicative. Defendant argues, and the Court agrees, that this case appears to be a "simple and straight forward discrimination case" and his request to exceed the limitations on discovery should be denied at this early stage of the litigation. (ECF No. 23 at 10). Because the parties disagree on when to hold a meet-and-confer to address Defendant's objections, it is unclear what information will be provided notwithstanding Defendant's objections. *See* ECF No. 33 at 2.

Prior to the January 5, 2021, conference Plaintiff will serve a set of interrogatories that comply with Fed. R. Civ. P. 33(a)(1). This ruling is without prejudice to Plaintiff making a later request to serve additional interrogatories on a showing.

**2. Deadline for Damages Analysis**

A damages analysis will be provided by any party who has a claim or counterclaim for damages by **January 29, 2021**.

**3. Meet and Confer Regarding Defendant's Objections**

The parties disagree about when to hold a meet-and-confer concerning Defendant's objections to Plaintiff's discovery requests. Defendant moved for 30 additional days in which to object and respond to Plaintiff's discovery requests on November 20, 2020. (ECF No. 27). On November 20, 2020, Judge Chatigny granted the motion to December 22, 2020 as to substantive responses and denied the motion as to objections. Defendant was ordered to serve its objections by November 23, 2020. (ECF No. 28).

Accordingly, Defendant's request to "postpone any meet-and-confer until after it has an opportunity to complete its investigation and gather documents in order to determine and discuss with Plaintiff's counsel what documents and information will be provided notwithstanding its objections" is **DENIED** in light of the deadline set by Judge Chatigny in his order dated November 20, 2020.

**CONCLUSION**

The parties are ordered, by **December 22, 2020**, to file a Joint Status Report. The status report should include outstanding discovery issues, if any, left unresolved by this Ruling and Order as well as a proposed schedule. The proposed schedule should include dates for defendant's completion of its investigation and gathering of documents, a date for the parties' meet and confer, the close of discovery, deadline for providing a damages analysis, the filing of dispositive motions, any responses or replies to any dispositive motions, the joint trial memorandum, and trial-ready date.

The Court will hold a virtual discovery/scheduling conference on **January 5, 2021 at 10:00 AM.**

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this 14th day of December 2020, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge